IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Francine Barr,                          :

      Plaintiff,                   :

    v.                                  :    Case No. 2:04-cv-1131

The Smith & Wollensky Restaurant:    JUDGE WATSON
Group, Inc., et al.,
                                        :
      Defendants.

OPINION AND ORDER

This is an employment discrimination case in which the
plaintiff, Francine Barr, alleges that she was not hired as a
bartender in a Smith & Wollensky Restaurant located in Columbus,
Ohio, because of her sex.  She alleges in the complaint that this
was not an isolated incident.  Rather, she claims that Smith &
Wollensky does not hire women as bartenders in any of its
restaurants located across the United States, and that its
refusal to hire her in Columbus, Ohio was simply a part of that
national policy.

A dispute has arisen between the parties concerning the
appropriate scope of discovery in a case such as this.  Ms. Barr
has sought broad discovery, asking to see the job applications
from everyone who applied for a bartending position at any Smith
& Wollensky restaurant from 1998 forward (perhaps until the end
of 2003), as well as to be given a list of all the persons who
were actually hired as bartenders.  She claims to need this
information in order to validate her assertion that Smith &
Wollensky has had, for some time, a policy against hiring women
as bartenders and that this policy was in effect throughout the
restaurant chain in 2002 when she presented her application.

Smith & Wollensky, on the other hand, claims that the information she seeks is essentially irrelevant because her case involves a single failure to hire at a single location based on a decision made by a single local beverage manager.  It asserts, alternatively, that if the information Ms. Barr seeks has some probative value, the burden of producing the information far outweighs that probative value.  The issue is presented by way of simultaneous briefs and simultaneous reply memoranda, the last of which was filed on January 6, 2006.  For the following reasons, the Court agrees in part with both parties and will order Smith & Wollensky to provide some, but not all, of the requested discovery.

Courts are often confronted with the question of how broadly to permit discovery in a single-plaintiff, single-facility employment discrimination case.  Typically, the employee would like to discover whether similar complaints of discrimination have been lodged against the employer's other locations or whether a statistical analysis of its hiring practices at those locations would support an inference of discrimination.  Just as typically, the employer contends that such information is irrelevant, and that discovery should be limited to the employer's history of hiring decisions at the particular location.

In such cases courts have typically concluded that the appropriate scope of discovery depends upon whether there is credible information suggesting that an employer followed similar hiring policies or procedures both at the location where the alleged discrimination occurred and at other similar locations. If the location was clearly locally run, involved considerations unique to that location, and the hiring decisions were completely unaffected by company-wide policies or procedures, courts have generally restricted discovery to events at that location.  On

the other hand, if there is credible evidence of some larger
policy in place which may have had an impact on local hiring
decisions, courts will permit discovery concerning the nature of
that policy and the extent to which it may have affected other
similarly-situated job applicants at other locations where the
policy was in effect.  The Court of Appeals' decision in <u>Scales
v. J. C. Bradford & Co.</u>, 925 F.2d 901, 907 (6th Cir. 1991) is
typical of such decisions and recognizes the fact-specific nature
of the inquiry.

 Here, although Smith & Wollensky's local beverage manager
testified that he alone made the decision not to hire Ms. Barr,
there is some evidence both that other Smith & Wollensky
employees may have been involved in the Columbus hiring decisions
and that Smith & Wollensky has a national policy which does not
favor hiring women as bartenders.  It is unclear how much of that
evidence, however, might ultimately make its way before the trier
of fact.  Smith & Wollensky concedes that two employees who were
not local to Columbus (Michael Maher, a beverage manager from
Smith & Wollensky's Miami, Florida restaurant and Eli Levy, its
regional manager) were in Columbus to assist with the opening of
the Columbus restaurant and that each may have played some role
in receiving applications for the bartender position and in
consulting with the local beverage manager, Eric Kiefer, about
various matters.  Ms. Barr testified that she gave her employment
application to Mr. Levy.  Reason and common sense would permit an
inference that both a regional manager and a more experienced
beverage manager from another location would have provided some
input to Mr. Kiefer concerning his hiring decisions, since he was
new to the Smith & Wollensky chain.  Ms. Barr claims that the
involvement of these two individuals is evidence of input into
Columbus bartender hiring decisions by Smith & Wollensky's
national management.  However, neither of these individuals

appears to have worked at the corporate headquarters or to be a corporate-wide consultant of any type.  The only evidence suggesting a broader policy concerning hiring decisions comes from an affidavit from an individual who was hired briefly as a beverage manager in Columbus, and who claims that Mr. Maher told him that Smith & Wollensky had hired only one female bartender in its history.  The same individual swore that when he visited other Smith & Wollensky restaurants in the past, particularly in Las Vegas and New York, he observed only male bartenders.

    Applying the appropriate discovery standard, which requires the Court to determine whether the requested discovery seems reasonably calculated to lead to the discovery of relevant evidence, the Court concludes that there is a reasonable possibility that some information beyond the Columbus location might lead Ms. Barr to admissible evidence on her claim of discrimination.  From the record before this Court, this appears to be a case where hiring decisions were made on the basis of almost purely subjective criteria.  Courts have noted that statistical information can be especially useful in determining whether an inference of discrimination can be drawn in such cases.  See James v. Stockholm Valves and Fittings Co., 559 F.2d 310 (5th Cir. 1977).  If statistical evidence proves useful in this case, however, Ms. Barr has identified a potential problem with that evidence if the scope of discovery is narrow.  A plaintiff's statistical evidence in an employment case is usually subject to criticism if the number of instances evaluated is too small to permit statistically significant conclusions to be drawn.  See Capaci v. Katz & Besthoff, 711 F.2d 647, 653-54 (5th Cir. 1983).  It is also subject to criticism if various factors relating to employment decisions, and particularly factors which might legitimately explain discrepancies between the number of the under-represented class members in the pool of employees as

4

compared to the total number of applicants, are not adequately taken into account.  See, e.g., EEOC v. Sears, Roebuck & Co., 839 F.2d 302, (7th Cir. 1988).  Thus, if the Court were to permit discovery to go forward, it should permit discovery broad enough to permit a meaningful statistical evaluation to be made.

The Court is conscious of the burden that might be posed by the type of discovery requested by Ms. Barr.  Here, however, Smith & Wollensky has provided only scant information about the extent of that burden.  It notes that in 2002, it received 385 applications for bartenders at the Columbus location.  Simply extrapolating from that number, and assuming that the number would be similar for other locations, it argues that many thousands of applications would have been made each year at its 16 locations, and tens of thousands for the time period for which Ms. Barr has requested discovery.  It is unclear whether such an extrapolation is reasonable, however.  Columbus may have received a large number of applications in 2002 because it opened a location that year.  Applications in subsequent years might be fewer, and applications at other well-established locations in other localities might also be fewer.  Further, Smith & Wollensky has not provided any estimate of how many employee hours would be expended in retrieving records related to these applications and does not describe how those records are kept.  Under these circumstances, the Court is left largely to speculate as to how burdensome the requested discovery might be.

Taking all these factors together, the Court concludes that the evidence that Smith & Wollensky employees who are responsible for locations beyond Columbus may have had some input into the hiring processes in Columbus is stronger than evidence that persons at the national level, or some nationally-promulgated but unwritten policy, had a similar effect.  Consequently, the Court will permit discovery both relating to the Miami location and to

Mr. Levy's region.  Information on the Miami operation should span the entire five-year period from 1998 through 2003 that Ms. Barr has requested, but the Court will permit access of only three years of information for the region (2000, 2001 and 2002). That information will include not only names of the applicants and the names of those hired, but also the applications themselves, given that the Court is unable to determine how many such applications there may have been or how difficult it will be to retrieve them, substantially undercutting Smith & Wollensky's argument concerning burden.

Based upon the foregoing, plaintiff's motion to compel discovery (#14) is granted in part.  Within 30 days of the date of this order, Smith & Wollensky shall produce the names of all applicants and all persons hired for bartending positions at its Miami location and at other restaurants within the region supervised by Mr. Levy.  The Miami information shall include all years from 1998 through 2003 and the regional information shall include the years from 2000 to 2002.  Copies of the applications made by such persons shall also be made available to Ms. Barr for inspection and copying.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

6

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge