```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Francine Barr,                    :

       Plaintiff,              :

   v.                             :    Case No. 2:04-cv-1131

The Smith & Wollensky Restaurant:     JUDGE WATSON
Group, Inc., et al.,
                                :

       Defendants.

<u>ORDER</u>

    As noted in this Court's Opinion and Order of January 26, 2006, this is an employment discrimination case involving Defendant Smith & Wollensky's refusal to hire the plaintiff, Francine Barr, as a bartender. She asserts that she was discriminated against on the basis of her sex and that it is a common practice for Smith & Wollensky Restaurants across the country to engage in such discrimination.

    In the January 26, 2006 Opinion and Order, the Court addressed the question of whether nationwide discovery was appropriate with respect to Smith & Wollensky's hiring practices. In that Opinion and Order, the Court noted that there was some evidence that one of Smith & Wollensky's regional managers, Eli Levy, came to Columbus to assist with the opening of the Columbus restaurant and that he might have played some role in receiving applications for the bartender position. As a result, the Court permitted discovery beyond the Columbus location, including the Miami store where Mr. Levy had previously been employed and at other locations within the region supervised by Mr. Levy.

1

Subsequent to that order, Mr. Levy's deposition was taken. Based upon that deposition testimony, Ms. Barr filed a second motion to compel, again requesting nationwide discovery about the number of men and women bartenders hired by Smith & Wollensky between 1998 and 2003.  Smith & Wollensky opposes the motion on grounds that it is little more than an effort by Ms. Barr to obtain reconsideration of the Court's prior order and that nothing in Mr. Levy's deposition testimony justifies an expansion of the scope of discovery.

Mr. Levy testified at his deposition that he has held a number of different positions with Smith & Wollensky, including the corporate director of training, regional director of operations, and opening coordinator.  In that latter position, he was involved in hiring managers for other Smith & Wollensky restaurants, including those located in Dallas, Houston, and Boston.  He also testified, however, that he had no input into the hiring of other employees at those locations and that he has never had any input into hiring bartenders at any locations.  As opening coordinator, it was his job to coordinate the construction of a restaurant and the hiring and training of staff with the opening date so that when the restaurant was ready to open, it was fully staffed and operational.  That position would require his presence at the particular restaurant for a period of time while the construction was being completed, supervisors and employees were hired and trained, and the restaurant began its operations.

Ms. Barr, focusing on the fact that Mr. Levy has held jobs with "corporate-wide responsibilities," now asserts that she is entitled to discover nationwide information about Smith & Wollensky's hiring practices.  Smith & Wollensky, focusing on Mr. Levy's testimony that he was never involved at any location in hiring bartenders even when he had corporate-wide

responsibilities, asserts that the situation has not changed since the Court's prior order and that no additional discovery ought to be permitted.

The Court allowed discovery concerning restaurants in Mr. Levy's area of responsibility because there was circumstantial evidence that he may have been involved in either the hiring of bartenders in Columbus or in articulating some type of policy to the Columbus beverage manager prior to his hiring bartenders. Although Mr. Levy, as a director of operations, may have had different responsibilities with respect to the Dallas, Boston, and Houston locations than as regional manager, he was present at those locations when significant hiring decisions were being made.

It would be difficult to reconcile the Court's prior order allowing discovery about hiring practices within Mr. Levy's region with a denial of a request for discovery concerning locations at which he was present while significant hiring decisions were being made, even though his job title within Smith & Wollensky might have been different.  Consequently, the Court will permit additional discovery concerning the hiring of bartenders at the Dallas, Boston, and Houston locations.  Because there is no evidence that he had any continuing involvement with those locations after initial hiring decisions were made, however, the discovery will be limited to a reasonable period of time surrounding the opening of those restaurants.

Based upon the foregoing, plaintiff's motion to compel (#30) is granted in part.  Smith & Wollensky shall produce, within 20 days of the date of this order, documents indicating a breakdown by sex of applicants for bartending positions at the Dallas, Boston and Houston restaurants at the time they opened and the persons hired based on those applications, together with documents indicating the gender mix of bartenders employed at

3

those locations for a period of one year after their opening. Plaintiff's request for additional information concerning other years and other locations is, however, denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge

4