IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANCINE BARR,**

      **Plaintiff ,**

                                  :        Civil Action No. C2-04-1131

  vs.                            :        Judge Watson
                                  :        Magistrate Judge Kemp

**THE SMITH & WOLLENSKY
RESTAURANT GROUP, INC. and
SMITH & WOLLENSKY OF OHIO**     :

      **Defendants.**

**PLAINTIFF'S MOTION TO RECONSIDER THE MAGISTRATE JUDGE'S ORDER ON
JUNE 26, 2006 DENYING NATIONWIDE DISCOVERY CONCERNING
DEFENDANTS' BARTENDERS**

      Plaintiff moves, pursuant to 28 U.S.C. §636(b)(1)(A) and Fed..R.Civ. P.72(b), for this Court to reconsider the decision of the Magistrate Judge of June 26, 2006, doc. 37, denying plaintiff's Motion to Compel Nationwide Discovery of bartenders.

**MEMORANDUM IN SUPPORT OF THE MOTION**

      Plaintiff objects to the part of the decision in which the Magistrate Judge denied plaintiff's requests for nationwide discovery, particularly on pages three and four of its June 26, 2006 opinion. This ruling is clearly erroneous and contrary to law. Plaintiff also objects to a subsidiary matter, the Magistrate Judge's statement on page three of its June 26, 2006 opinion that Eli Levy "may have had different responsibilities with respect to the Dallas, Boston, and Houston locations than as regional manager." This ruling is clearly erroneous. In addition, plaintiff objects to the Magistrate's factual finding on page 2 of his June 26, 2006 opinion that Mr. Levy was involved in opening restaurants in only Dallas, Houston, and Boston, as Mr. Levy testified that he was also involved in opening the

1

Philadelphia restaurant. Plaintiff, in addition, objects to the decision of Magistrate Judge on page 3 of its opinion that it would require defendants to provide discovery on the Dallas, Boston, and Houston restaurants, when the evidence was that he was also involved in opening the Philadelphia restaurant.  Furthermore, the Magistrate Judge ignored the fact that Mr. Levy had overall responsibility for hiring staff in the New Orleans restaurant.

Plaintiff filed a Motion to Compel nationwide discovery of defendant's bartenders on December 29, 2005.  Plaintiff alleged that defendants have had a nationwide practice of not hiring women as bartenders in all of their restaurants throughout the country.  Plaintiff made that allegation in the Complaint and has continually taken that position.

Plaintiff requested in depositions and in paper discovery the names of all persons who were hired as bartenders at all of defendants' restaurants and applications of all persons who applied for bartender positions.  Plaintiff believed that the discovery will show that a considerable number of women who were well-qualified applied to be bartenders at defendants' restaurants and that women were, with the exception of perhaps one person, always rejected in all of defendants' restaurants. In fact, Richard Puglia stated in an affidavit to the EEOC, that was attached as an exhibit to plaintiff's December 29, 2005 motion to compel, that he was told by a manager during training at the Columbus restaurant just before it opened that defendants had hired only one woman bartender at all of its restaurants.

At the time that plaintiff filed its motion to compel on December 29, 2005, she had information that indicated Michael Maher and Eli Levy were corporate managers who were sent by the corporate headquarters to help in hiring and training staff.  However, plaintiff had by that time not taken the deposition of either Mr. Levy or Mr. Maher.

Plaintiff in its motion of December 29, 2005 cited the well-established law that plaintiff is entitled to nationwide discovery if corporate officials outside the local facility are involved in employment decisions, and the discovery is not unduly burdensome.  See, *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991), *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 71 (D. Conn. 2004); *Hollander v. American Cyanamid Co.,* 895 F.2d 80, 84 (2d Cir. 1990); and *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 45-46 (W.D.N.Y. 1986).

The Magistrate Judge in its first decision on plaintiff's request for nationwide discovery granted the motion in part.  Order of January 26, 2006, doc. 23.

The Magistrate Judge pointed out that defendants concede:

> that two employees who were not local to Columbus (Michael Maher, a beverage manager from Smith & Wollensky's Miami, Florida restaurant and Eli Levy, its regional manager) were in Columbus to assist with the opening of the Columbus restaurant and that each may have played some role in receiving applications for the bartender psition and in consulting with the local beverage manager, Eric Kiefer, about various matters....Reason and common sense would permit an inference that both a regional manager and a more experienced beverage manager from another location would have provided some input to Mr. Kiefer concerning his hiring decisions, since he was new to the Smith & Wollensky chain.  Ms. Barr claims that the involvement of these two individuals is evidence of input into Columbus bartender hiring decisions by Smith & Wollensky's national management.  However, neither of these individuals appears to have **worked at the corporate headquarters or to be a corporate-wide consultant of any type**.

*Id*., at 3-4 (emphasis added).

The Magistrate Judge concluded "that there is a reasonable possibility that some information beyond the Columbus location might lead Ms. Barr to admissible evidence on her claim of discrimination....Courts have noted that statistical information can be especially useful in

3

determining whether an inference of discrimination can be drawn in such cases. See James v. Stockhold Vlaves and Fittings Co., 559 F.2d 310 (5th Cir. 1977)." Id., at 4.

The Magistrate Judge required defendants to produce discovery for the restaurants over which Mr. Maher had responsibility and the restaurants that were in Mr. Levy's region, as there was no evidence that either of them had corporate-wide responsibilities.

Neither party filed a motion to reconsider the Magistrate Judge's January 26, 2006 opinion.

Defendant provided records of defendants' restaurants in Miami and Washington D.C., as well as Columbus, arguing that only these restaurants were managed by Mr. Levy and within Mr. Levy's region.

Plaintiff found out through the deposition of Eli Levy that Mr. Levy had the corporate-wide responsibilities that the Magistrate Judge had previously found lacking. Plaintiff, therefore, filed another motion to compel nationwide discovery on May 17, 2006, doc. no. 30.

Mr. Levy testified that when the Columbus restaurant opened, he was the **corporate opening coordinator and director of training**. Levy dep. 21-23, 25, 43-44. (Mr. Levy's deposition's deposition was filed in this Court with plaintiff's second motion to compel). He was also regional director of operations. He was **opening coordinator for Smith & Wollensky at least between 2002 and 2004**. Levy dep. 45. **He worked with the construction people, "made sure that we have staff to open", trained employees, and was involved in hiring managers**. Levy dep. 25, 27-28. **Mr. Levy's responsibilities in opening stores were the same from store to store**. Levy dep. 46-47.

There was evidence that Mr. Levy was involved in hiring lower level employees at the Columbus restaurant. See, Plaintiff's Motion to Compel, doc. 14, at p. 4. There is no reason to

4

believe that he did not assume the same responsibility in the other restaurants that he opened, as he had the same responsibilities in opening all the stores, including making sure that employees were hired.  As the company's opening coordinator, Mr. Levy opened restaurants in Philadelphia, Columbus, Dallas, Houston, and Boston. Levy dep. 25-26, 44-45. Mr. Levy reported to Dave Terry, who worked in defendants' corporate office in New York and was the company's vice president. Levy dep. 34, 48, 50.  When Mr. Levy arrived in Columbus to open the restaurant, he and the director of construction were the only two Smith & Wollensky employees at the site. Levy dep. 52-53**.**

Also, the Smith & Wollensky website emphasized that its senior management team "is responsible for...staff hiring, and training and administration."  (SWR 0956, attached to Plaintiff's First Motion to Compel Nationwide Discovery).

Thus, plaintiff presented evidence that Eli Levy had corporate wide responsibility; that he had corporate-wide responsibility for training employees and for opening new stores.  He reported directly to the corporate office in New York.  "Reason and common sense" would indicate that, as Mr. Levy was the only person from the corporate office who was involved in staffing new restaurants and training their employees, he would have responsibility for implementing corporate policies on hiring bartenders.

Nevertheless, the Magistrate Judge did not order nationwide discovery of bartenders.  He ordered defendants to provide information about the bartenders only at the restaurants that Mr. Levy was involved in opening (Boston, Houston, and Dallas). Order of June 26, 2006, doc. no. 37, at p. 3. The Magistrate Judge decision in limiting plaintiff's discovery was contrary to law. His implicit factual finding that Mr. Levy did not have corporate-wide responsibilities is clearly erroneous.

5

The Magistrate Judge stated that "(a)lthough Mr. Levy, as a director of operations, may have had different responsibilities with respect to the Dallas, Boston, and Houston locations than as regional manager...." Doc. no. 37, at p. 3. This statement is clearly erroneous. The undisputed evidence was that Mr. Levy was corporate director of training and opening coordinator, as well as the regional director of operations. See, *id*., at 2. Mr. Levy, as opening coordinator and director of training, was involved in implementing decisions on training and hiring employees. His responsibilities in the Dallas, Boston, and Houston stores were the same as his responsibilities in opening the Columbus store.

Mr. Levy testified in his deposition that he was involved in opening the Philadelphia, Houston, Boston, and Dallas restaurants. 25-26, 44-45. Therefore, his finding (p. 3 of his opinion) that he was involved in opening the Houston, Boston, and Dallas restaurants was clearly erroneous. His decision that defendants would be required to produce discovery for just those three restaurants was contrary to law.

The Magistrate Judge erred as a matter of law in not requiring defendants to provide information about its hiring of women at the New Orleans restaurant of Smith & Wollensky, as Mr. Levy testified that he had been the manager of the New Orleans restaurant. Levy dep. 17-21. Certainly, Mr. Levy would have used his experience and knowledge in hiring employees at the New Orleans restaurant in directing the Columbus staff about defendants' hiring practices, just as Mr. Maher provided input through his experience in managing the Miami restaurant. See, doc. 23, at p. 3.

Defendants provided no evidence in responding to plaintiff's second motion to compel nationwide discovery that the request would be unduly burdensome. Certainly it would not be

unduly burdensome for defendants to provide such minimal information as the number of men and women bartenders at their restaurants at various points in time.

For the foregoing reasons, the Motion to Reconsider should be granted and the order modified to require defendants to provide plaintiff with nationwide discovery of bartenders.

Respectfully submitted,

 s/Alexander M. Spater
Alexander M. Spater (0031417)
565 East Town Street
Columbus Ohio 43215
(614) 222-4734
Fax-(614) 222-4738
e-mail-sspater@spaterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2006 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Alexander M. Spater
Alexander M. Spater (0031417)